IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JORDAN K. KEEFE, | CV 21-129-M–DWM |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Plaintiff Jordan K. Keefe, appearing pro se, filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and a proposed Non-Prisoner Civil Rights Complaint (Doc. 2). The Complaint alleges that in 2010 and January of 2011, Keefe was wrongfully arrested, imprisoned, and prosecuted in violation of numerous state laws and amendments to the United States Constitution. (*See generally* Doc. 2.) He names eight defendants and requests damages in the amount of $380 million. (*Id.*) He does not, however, make any specific allegations about any of the defendants' individual actions nor provide any background on the underlying state prosecution that it appears gives rise to the present claims. Ultimately, the motion to proceed in forma pauperis is granted and Keefe will be given the opportunity to amend his complaint; the failure to do so, however, will result in dismissal.

1

I.  **Motion to Proceed In Forma Pauperis**

Keefe filed an application requesting leave to proceed in forma pauperis. (Doc. 1.) He submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Because it appears he lacks sufficient funds to prosecute this action, that application is granted. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Keefe's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

II. **Prescreening**

The federal statue under which leave to proceed in forma pauperis is permitted, 28 U.S.C. §1915, also requires the Court to conduct a preliminary screening of all the allegations set forth in the litigant's pleading. The applicable provision states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). As currently pled, Keefe's Complaint would not survive under this provision.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is "plausible" if the factual allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "A pleading the offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Keefe's Complaint names a number of individuals involved in the criminal justice system in Missoula and Sanders Counties but then simply lists the "1st 4th 5th 6th 8th 10th + 14th Amendments" as the basis for his claim. (*See* Doc. 2 at 5.) Drawing significant inferences from the remainder of his pleading, it appears his

allegations arise out of a state criminal proceeding, possibly charging him with rape. (*See id.* at 6.) But he does not allege any specific causes of action. While § 1915 requires the dismissal of a complaint which fails to state a claim upon which relief may be granted, it does not deprive the district court of its discretion to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "[A] district court should grant leave to amen even if no request to amend pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (internal quotation marks omitted). Here, the Complaint simply provides insufficient information for substantive evaluation. Keefe will therefore be given an opportunity to file an amended complaint consistent with the standards set forth in this Order.

### A. Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaints by reference. Once Keefe files an amended complaint, it replaces the original complaint and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Keefe may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the

4

Court: (1) the rights Keefe believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what *each* defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Keefe's rights; (5) when the alleged actions took place; and (6) what injury Keefe suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Keefe must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Keefe must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendant each of his claims apply. If Keefe fails to affirmatively link the conduct of a defendant with an injury suffered, the Court will dismiss the allegation against that defendant for failure to state a claim.

### B. Possible Dismissal

The Court may dismiss this case if Keefe fails to timely comply with every provision of this Order. *Ferdik*, 963 F.2d at 1260–61 (court may dismiss an action for failure to comply with any order of the court).

### C. Address Change

At all times during the pendency of this action, Keefe must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to

prosecute pursuant to Fed.R.Civ.P. 41(b).

## III. Conclusion

Based on the foregoing, IT IS ORDERED:

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on October 26, 2021.

3. Within 30 days of this Order, Keefe may file an amended complaint consistent with the guidance provided above. The failure to file an amended complaint will result in dismissal of this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 28th day of October, 2021.

_____ 16:44 P.M.
Donald W. Molloy, District Judge
United States District Court