IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JORDAN K. KEEFE, | CV 21-129-M–DWM |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Plaintiff Jordan K. Keefe initiated this civil action on October 26, 2021. The Court initially screened Keefe's complaint, advised him of the deficiencies in his pleadings, and provided him with an opportunity to amend. (*See* Doc. 4.) As explained below, Keefe failed to do so. The matter will be dismissed because the Complaint fails to allege a federal claim and further leave to amend is not warranted.

I.   **Background**

In his initial complaint, Keefe claimed that in 2010 and 2011, he was wrongfully arrested, imprisoned, and prosecuted in violation of numerous state laws and amendments to the United States Constitution. (*See generally* Doc. 2.) Keefe's original complaint names a number of individuals involved in the criminal justice system in Missoula and Sanders Counties but then simply lists the "1st 4th

1

5th 6th 8th 10th + 14th Amendments" as the basis for his claim. (*See id.* at 5.) Keefe did not make any specific allegations about any of the defendants' individual actions nor provide any background on the underlying state prosecution that appears to give rise to the present claims. He was given the opportunity to file an amended pleading and was advised that failure to adequately respond would result in dismissal of this matter. (Doc. 4.)

In response, Keefe filed four motions and a notice: (1) motion to compel, (Doc. 6); (2) motion vacate criminal charges, (Doc. 7); (3) motion to amend complaint, (Doc. 8); (4) notice, (Doc. 9); and (5) motion for injunctive relief, (Doc. 10). Through these filings, Keefe asks the Court to vacate his prior criminal charges, (Doc. 7), requests injunctive relief pursuant to UCC 1-308, (Doc. 10), and alleges acts of evidence tampering and collusion, (*see* Docs. 6, 7). His motion to amend his complaint clarifies that he is alleging "constitutional violations including perjury, entrapment, collusion, and corsion." (Doc. 8 at 1.) He states that he was interrogated and his DNA collected in 2011, tried to fire his public defender, and was unlawfully sentenced. (Doc. 8 at 1, 3, 5.) Finally, he purports to "show cause of collusion, corsion, melitious persecution, 1st Amendment for Freedom of Speech[,] 5th + 14th amendments for Deu Process and Right to Adequate and Fair trial" in an attempt to clear his name. (Doc. 8 at 5.)

II.   **Discussion**

Keefe fails to state a claim under the United States Constitution and the Court declines to exercise supplemental jurisdiction over his state law claims, to the extent they can be determined.

### A. Legal Standard

Pursuant to § 1915, the Court must "prescreen" any case filed *in forma pauperis* and dismiss the action upon a finding that it:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is "plausible" if the factual allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading the offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however

3

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

Moreover, federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under §1331, the general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An action is generally deemed to "arise under" federal law when a "federal law creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

**B.    Analysis**

The crux of Keefe's complaint and his supplemental filings is that he was wrongly convicted of criminal endangerment and sexual intercourse without consent in 2011. Absent from these allegations, however, is a plausible claim for

4

relief based on federal law. Although Keefe invokes the First, Fifth, and Fourteenth Amendments, (*see* Doc. 8), his allegations generally sound in state tort law; more specifically, malicious prosecution. To the extent a federal claim can be extracted, Keefe alleges state Judge Karen Townsend "deprived my rights under 5th Amendment for my right to a fare non bias trial and i was sentenced to 3yrs defered without any evidence fo prove of guilt." (Doc. 8 at 3.) This claim fails, even when read at its broadest application.

    First, a judge is absolutely immune from suit for judicial actions undertaken in the course of his or her official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987) *cert. denied*, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (quotations marks omitted). It appears from Keefe's pleadings that Judge

Townsend was the presiding judge for at least one of his state convictions. She is immune for her actions related to the case, including sentencing decisions.

Second, to the extent Keefe's Fifth Amendment claim extends beyond Judge Townsend, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. Here, Keefe explicitly asks this Court to set aside his state convictions. (*See* Doc. 7.) In doing so, he fails to state a claim for relief that is plausible on its face. Nor would amendment cure such a deficiency.

In the absence of a plausible Fifth Amendment claim, the Court declines to exercise supplemental jurisdiction over any state law claims Keefe attempts to advance. *See* 28 U.S.C. § 1367 (providing that in a civil action in which a district court has original jurisdiction, there is supplemental jurisdiction over claims that are part of the same case or controversy); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citations omitted)). To the extent

6

Keefe seeks to bring state law claims, he must do so by filing an action in state court.[1]

### III. Conclusion

Based on the foregoing, IT IS ORDERED that:

(1) This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(2) All pending motions are DENIED as MOOT.

(3) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

(4) Other than a notice of appeal—which would not be taken in good faith—no further filings will be accepted in this closed case.

DATED this 21st day of December, 2021.

Donald W. Molloy, District Judge
United States District Court

---

[1] Note that one of the elements of malicious prosecution under Montana law is "the termination of the proceeding in favor of the alleging party." *Deist v. Thornton*, 201 P.3d 800, 802 n.1 (Mont. 2009).